T.C. Memo. 1999-67

UNITED STATES TAX COURT

UNILEVER SUPERANNUATION TRUSTEES LIMITED, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10022-97.                    Filed March 5, 1999.

<u>K. Peter Schmidt</u>, for petitioner.

<u>Gary D. Kallevang</u>, for respondent.

MEMORANDUM OPINION

LARO, <u>Judge</u>:  Petitioner moves for summary judgment,
asserting that section 6501 does not allow respondent to assess
tax for the years in issue.  Respondent moves for partial summary
judgment, asserting primarily that the notices of deficiency are
timely under section 6501(c)(3).  Respondent issued the notices

of deficiency to petitioner on December 19, 1996, after determining deficiencies in the 1991, 1992, and 1993 income tax of Unilever Superannuation Fund (Fund).

Following respondent's concession that the Fund does not have a deficiency for 1992, we must decide whether the notices of deficiency are timely as to 1991 and 1993. We hold they are. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the subject years. Dollar amounts are rounded to the nearest dollar.

## Background

The Fund is a trust with its principal office in London, United Kingdom. Petitioner is the Fund's trustee. The Fund does not engage in a trade or business in the United States, it does not have income effectively connected with a U.S. trade or business, and it does not have income attributable to a permanent establishment in the United States.

During 1991 and 1993, the Fund received dividends on stock it owned in certain domestic corporations. These dividends were subject to Federal income tax withholding in the amounts of $867,222 for 1991 and $606,120 for 1993. The withholding agents withheld the required amounts of tax and remitted the withheld amounts to respondent. The agents and certain financial intermediaries involved in these transactions filed with respondent 1991 and 1993 Forms 1042, Annual Withholding Tax

Returns for U.S. Source Income of Foreign Persons, and 1991 and 1993 Forms 1042S, Foreign Person's U.S. Source Income Subject to Withholding. (The agents and financial intermediaries had previously issued the Fund copies of the Forms 1042S.) These forms were not required to, and did not, list the taxpayer identification number of either the Fund or petitioner. These forms also were not signed by either of these two. Forms 1042 and 1042S make no provision for signature by the persons from whom taxes are withheld.

On June 8, 1992, petitioner submitted to respondent a 1991 Form 990-T, Exempt Organization Business Income Tax Return, claiming a refund of $867,222 in income taxes. Petitioner's claim was based on its assertion that the Fund was a tax-exempt organization under section 501(c)(5). The information listed on the 1991 Form 990-T included petitioner's name, address, and employer identification number and its claim that it was entitled to a $867,222 refund for "ERRONEOUS WITHHOLDING". On or about April 15, 1993, respondent refunded to petitioner the $867,222 amount that had been withheld for 1991.

On April 28, 1995, petitioner submitted to respondent a 1993 Form 990-T, claiming a refund of $606,120 in income taxes. Petitioner's claim was based on its assertion that the Fund was a tax-exempt organization under section 501(c)(5). The information listed on the 1993 Form 990-T included petitioner's name,

address, and employer identification number and its claim that it was entitled to a $606,120 refund for "ERRONEOUS WITHHOLDING". On or about August 24, 1995, respondent refunded to petitioner the $606,120 amount that had been withheld for 1993.

The Fund did not file a 1991 or 1993 Federal income tax return.[1]  For those years, the Fund did not have any U.S. source income subject to tax, other than the dividends mentioned above.

Petitioner concedes that the Fund was not a tax-exempt entity during the subject years.

## Discussion

The facts of this case are virtually identical with the facts of ICI Pension Fund v. Commissioner, 112 T.C. ___ (1999), an Opinion filed today.  Counsel in this case is the same counsel who appeared in ICI Pension Fund.  In the instant case, petitioner's counsel has made the same arguments as he made in ICI Pension Fund.  We considered all these arguments in ICI Pension Fund, and we rejected them for the reasons stated therein.  We held in ICI Pension Fund that the Commissioner issued the deficiency notices to the taxpayer within the limitation period set forth in section 6501.  We hold the same here.  To reflect this holding,

---

[1] Although the Fund did file claims for refunds for both years on Form 990-T, the parties agree that these claims are not "returns" for purposes of sec. 6501(a).  See MNOPF Trustees Ltd. v. United States, 123 F.3d 1460 (Fed. Cir. 1997).

An order will be issued granting respondent's motion for partial summary judgment and denying petitioner's motion for summary judgment.